IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RICARDO CRUZ – VAZQUEZ, RESIDENT AGENT IN CHARGE** Plaintiff, vs. **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); U.S. DEPARTMENT OF HOMELAND SECURITY; HON. ALEJANDRO N. MAYORKAS, SECRETARY OF HOMELAND SECURITY; REBECCA GONZALEZ RAMOS, HSI SAN JUAN SPECIAL AGENT IN CHARGE** Defendants. | CIVIL NO. RE: **PETITION OF WRIT OF MANDAMUS; INJUCTION RELIEF TO A TEMPORARY RESTRICTION ORDER AND PRELIMINARY INJUNCTION** |

**COMPLAINT - PETITION FOR ISSUANCE OF WRIT OF MANDAMUS; A TEMPORARY RESTRAINING ORDER ("TRO") AND A PRELIMINARY INJUNCTION**

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff Ricardo Cruz-Vazquez ("Cruz"), in the case at bar, through his undersigned attorney and pursuant to 28 U.S.C. § 1361 and Rule 65 Fed.R.Civ.P. respectfully **STATES, ALLEGES and PRAYS**:

   **I.   BRIEF PRELIMINARY STATEMENT: NATURE OF THIS CASE**

   1.   Plaintiff Cruz invokes this Honorable Court's federal subject matter jurisdiction under 28 U.S.C. §§1331 and 1361 that grant original jurisdiction of any action in the nature of writ of mandamus to compel an Agency of the United States to perform a duty owed to

the Plaintiff. Furthermore, Rule 65 Fed.R.Civ.P. governs the issuance of injunctions by this Honorable Court.

2. In the case at bar, Cruz is seeking to compel, a federal agency and his current employer, the U.S. Immigration and Customs Enforcement (ICE), which is part of the U.S. Department of Homeland Security; and HSI San Juan Special Agent In Charge, Rebecca Gonzalez Ramos, to perform the duty owed to Cruz, as a federal career service employee, to issue an administrative ruling related to two (2) pending proposed diciplinary actions against Cruz, which were notified to him on June 13, 2023 by ICE's Adverse Action Panel ("AAP"). Defendant Gonzalez Ramos is the Deciding Official who has to make a determination as to the appropriateness of such proposed disciplinary actions notified by the AAP. As such, Gonzalez Ramos owes Cruz the ministerial duty to rule upon such proposed disciplinary measures notified to him.

3. As required by ICE/HSI's personnel regulations, Cruz submitted his Reply to such proposed disciplinary actions on August 5, 2023, and requested the dismissal of the proposed disciplinary actions. Subsequently, on September 18, 2023, Cruz filed a Motion to Dismiss based upon the Managerial Inquiry lack of jurisdiction to investigate the facts (the inquiry took four months to start and by regulations the inquiry should end in 60 days) and propose such disciplinary measures, when it should have been ICE/HSI's Office of Professional Responsibility. Such motion to dismiss is predicated upon ICE's Adverse Action Panel's to propose serious disciplinary actions of a demotion and a 60-day suspension, as these disciplinary actions can only be investigated and recommended by ICE/HSI's Office of Professional Responsibility.

4. Approximately one year and two months has passed since the onset of the agency's investigation as to these proposed disciplinary actions, and no ruling has been made as to their appropriateness or whether the AAP possessed jurisdiction to recommend them.

5. Cruz respectfully submits, that as a federal career service employee, he is entitled to due process as provided by the Federal Administration Procedure Act (APA) 5 U.S.C. §§ 551–559 and the United States Consitution's Fifth Amendment, which govern his procedural due process rights to be heard prior to the imposition of disciplinary measures as allowed by *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) and its progeny.

6. Cruz is further seeking injunctive relief through the issuance of a TRO in order for ICE and its agents to a cease and desist from commiting acts consisting of age, race, disability discrimination, and retaliation that violated his rights under Title VII of the Civil Rights Act of 1964, ADEA and Section 504 of the Federal Rehabilitation Act.

## II. THE PARTIES

7. The present requests for equitable relief are being filed by Cruz against his current employer, Defendant U.S. Immigration and Customs Enforcement ("ICE"), an agency of the federal government that enforces federal laws governing border control, customs, trade, and immigration.

8. Co-Defendant U.S. Department of Homeland Security, who is entrusted with security of the United States and includes customs, border, and immigration enforcement.

9. Defendant Hon. Alejandro N. Mayorkas, who is the Secretary of Homeland Security a cabinet-level official, who was appointed by President of the United States with the advice and consent of the United States Senate. Mayorkas is being sued in his official capacy as Secretary of Homeland Security.

10. Defendant Rebecca Gonzalez Ramos is currently the Special Agent in Charge (SAC) for ICE/HSI San Juan, Puerto Rico and is the Deciding Official who has to render a decision as to the appropiateness of the AAP's proposed disciplinary actions. SAC Gonzalez Ramos is being sued in her official capacity.

11. Through the present request for writ of mandamus, Cruz seeks this Honorable Court's issuance for an order compeling SAC Gonzalez Ramos to comply with her ministerial duty to decide whether such suggested disciplinary measures are warranted under the applicable *Douglas Factors* doctrine, *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

12. The APA specifically allows litigants to challenge an agency's unreasonable delay in deciding their case. The APA further requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and authorizes a federal court to "compel agency action unlawfully withheld or unreasonably delayed,"5. U.S.C. § 706(1). When the plaintiff has exhausted all remedies within the agency, the only other remedy they can pursue to ensure his/her due process and the right to be timely and non-detrimentally notified, is to petition the Federal Court to issue a writ of mandamus.

13. As to his second request for equitable request petitioned herein, Cruz requets the issuance of a TRO and a *pendente lite* injunction against ICE to enjoin his employer from further committing acts of employment discrimination. All Cruz' employment discrimination charges have been filed with ICE's Office of Diversity of Civil Rights ("OCR").

14. For example, Cruz has been a victim of acts of discrimination while on sick leave due to an operation that prevented him from driving to locations he was transferred to multiple times, which were perceived as retaliatory acts for him having filed several complaints with the OCR office, based on age, race and disaility discrimination.

15.     Cruz has also been denied a promotion to ICE/HSI Resident Agent in Charge (RAC) position in Ponce, Puerto Rico.  This promotion was denied to Cruz for discriminatory reasons.  Instead, this RAC HSI Ponce position was awarded to his younger and lower-ranking subordinate, Carlos J. Martinez.

16.     Following ICE's discriminatory refusal of Cruz' promotion, he has been reassigned to different positions on two occasions, that are not conmesurate with his official job description of RAC and has been offered other positions, including one in Washington, DC. Cruz is nearing his mandatory retirement age, and such fact has influenced the decisions made by ICE in addressing Cruz's inquiries about his future in the agency.

17.     Some personnel actions by ICE can be viewed as a demotion from his position as a RAC without following the due process of law as established by the Administrative Procedure Act (APA).  Having summarized why Cruz seeks this Honorable Court's protection to safeguard and protect his constitutional rights from being further trampled upon by ICE, Cruz hereby submits that the following Statement of Facts in support of his requests for equitable reliefs for the issuance of a mandums and injutive relief.

### III.    STATEMENT OF FACTS

18.     On June 13, 2023, Cruz was notified with the following two (2) proposed disciplinary actions that were issued by ICE's AAP: (1) A demotion from his current federal career service job position of Resident Agent in Charge to an unspecified position within ICE, (2) A suspension from his position of Supervisory Criminal Investigator, GS-1811-1407 for a period of sixty (60) days. ***(See Cruz' Unsworn Declaration Under Penalty of Perjury dated November 15, 2023, ¶ 9 attached hereto as Exhibit "A).***

Case 3:23-cv-01578-RAM   Document 1   Filed 11/16/23   Page 6 of 20

Cruz v. ICE, *et al.*
Page 6

19.     On August 5, 2023, Cruz submitted his Reply to ICE's APP two (2) proposed disciplinary measures.  Since Special Agent in Charge, Rebecca Gonzalez Ramos, as the Deciding Official, has not issued a decision on these proposed disciplinary actions, and as of today, more than 102 days have elapsed, and no decision has been issued.  ***(See Exhibit "A" at ¶ 10).***

20.     On September 18, 2023, Cruz submitted an Urgent Motion to Dismiss Due to ICE Adverse Action Panel's Lack of Jurisdiction in Proposing Disciplinary Actions Beyond the Scope of Its Authority; and has not received ICE's ruling on such dispositive motion. ***(See Exhibit "A" at ¶ 11).***

21.     Further to ICE's own Table of Offenses and Penalties related to the proposed disciplinary actions, the maximum penalty would be a 24-day suspension, and not a demotion or a 60-day suspension is authorized.  Section C(1) and C(2) of ICE's Table of Offenses and Penalties only allow for a written reprimand, a 14-day suspension, or a 5-day suspension as a first offense. A demotion or a 60-day suspension would not be in accordance with the standard regulations for disciplinary actions as specified in the Administrative Procedure Act (APA) and ICE's. ***(See Exhibit "A" at ¶ 12).***

22.     On March 13, 2023, Acting Deputy Special Agent in Charge (A/DSAC) Raul Cruz and Assistant Special Agent in Charge (ASAC) Francisco Calderon informed Cruz that he was not selected for the Resident Agent in Charge position in HSI Ponce even when Cruz was the most qualified candidate for such position, because of an unfinished purported personnel investigation. On the same date, the same managers told Cruz that he will be assisting Program Manager Elizabeth De Jesus in the HSI San Juan Office, transferring him for the second time,

and stripped him of his supervisor authority until further notice. This action constitutes a discriminatory and retaliatory act against Cruz. **(See Exhibit "A" at ¶ 13).**

23.  From March 14, 2023, until March 28, 2023, Cruz did not receive any task or duties from any person from HSI San Juan where he was transferred for the second time in a short period. Within this period, on March 20, 2023, and after Cruz internally complained about not been selected to the RAC position in Ponce, he was excluded completely from the HSI organization work chart. In such chart, Carlos Martinez appears as the incumbent in the RAC position in Ponce. Mr. Martinez is younger and has less seniority than Cruz. At the same time, Cruz' coworkers knew of his temporary disability resulting from his eye surgery. It is well known that Cruz' health conditions should have been kept confidential and private by his employer. **(See Exhibit "A" at ¶ 14).**

24.  On March 28, 2023, Cruz was assigned the first and only task since he returned to work at the newly assigned position at the main office in Miramar, while not performing any tasks before then. This personnel action of not assigning work to Cruz is part and parcel of the discriminatory and retaliatory pattern of the agency against Cruz. These actions have had the effect of degrading Cruz as a supervisor. Cruz employer is discriminating against him based on age, race, and disability and retaliating against him because of his work-related complaints. **(See Exhibit "A" at ¶ 15).**

25.  Cruz has been transferred on two different occasions.  On September 27, 2022, Cruz was transferred for the first time to the HSI Ponce Office to cover the position of RAC; and following Cruz' Formal OCR Charges of employment discrimination against ICE, on March 13, 2023, Cruz was transferred for the second time to the HSI San Juan Office and stripped of

supervisory authority until further notice, without following the due process of law as established by the Administrative Procedure Act (APA). **(See Exhibit "A" at ¶ 16 ).**

26. On April 18, 2023, Plaintiff Cruz-Vazquez, as a career employee at the U.S. Department of Homeland Security, filed a Formal Employment Discrimination Charge with the Office of Diversity and Civil Rights (OCR). After the filing of Cruz EEO Formal Complaint charge previously stated, he has been further retaliated by his employer, after filling an original Complaint Charge on February 2023. **(See Exhibit "A" at ¶ 17).**

27. The RAC position in HSI Ponce to which Cruz had previously applied to, was officially awarded to Special Agent Carlos J. Martinez, an employee who is younger than Cruz and has less seniority than he does. The personnel grievances related to the agency's failure to appoint Cruz to such position have not been heard or resolved. Mr. Martinez's appointment to the RAC position for HSI Ponce further constitutes age and disability discrimination against Cruz, while he was on an approved medical sick leave for eye surgery. **(See Exhibit "A" at ¶ 18).**

28. On May 17, 2023, ASAC Francisco J. Calderon contacted Cruz via telephone and instructed him to contact Intel Group Supervisor Mariano Salgado to work in his group. During the conversation, Cruz stated to Calderon that the new position that he was assigned did not entail the performance of his duties as a supervisor; he has never been given a job description of such position. Having no supervisory functions in this new position is equivalent to a demotion. **(See Exhibit "A" at ¶ 19).**

29. On May 23, 2023, Cruz clarified via email to Calderon that because he cannot temporarily drive at night due to his recent eye surgery, did not mean or establish that he cannot comply with his supervisory duties, and that Cruz had not requested any reasonable accommodation. Cruz' *de facto* removal from any leadership or supervisory capacity and/or role

without a final decision on the complaints against him is against due process and constitutes retaliation because he filed a formal employment discrimination charge and subsequent amended charges against his employer. If Cruz had accepted these new duties, this would have been inappropriate, as it constitutes an unlawful demotion. **(See Exhibit "A" at ¶ 20).**

30. As part of an ongoing pattern of age, race and disability discrimination against Cruz and following his formal filing of an employment discrimination charge against his employer, on or about June 30, 2023, the employer announced several promotions within Homeland Security Investigations (HSI). After this HSI announcement, Special Agent Carlos J. Martinez was promoted to the position of Group Supervisor for HSI in San Juan, Puerto Rico. Notably, Carlos J. Martinez's promotion to Group Supervisor was communicated to Cruz after the U.S. Immigration and Customs Enforcement (ICE) had informed Cruz, on June 13, 2023, of two proposed disciplinary actions. **(See Exhibit "A" at ¶ 21).**

31. Cruz has filed five (5) amended complaints with ICE's Office of Diversity and Civil Rights on April 18, 2023; May 4, 2023; May 24, 2023; June 16, 2023; and July 3, 2023, alleging discriminatory and retaliatory practices by his employer. The Formal Employment Discrimination Charge and its amendments have had not result in stemming, or did they provide any relief or cessation of ICE's employment discrimination and retaliation acts against Cruz. **(See Exhibit "A" at ¶ 22).**

## IV. LEGAL ANALYSIS

**A. The Issuance of a Writ of Mandamus is Necessary and Proper**

A mandamus plaintiff must demonstrate that: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) there is no other adequate remedy available to the plaintiff." *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir.

Cruz v. ICE, *et al.*
Page 10

2020) (citation omitted). Even when a court finds that all three elements are satisfied, the court retains discretion to grant or deny the writ. *Am. Hospital Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011).

1. **Clear right to the relief requested.**

To ascertain the plaintiff's entitlement to relief, it is necessary to determine whether the plaintiff falls within the 'zone of interest' of the underlying statute. (Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992)). The "zone of interest" test necessitates that the interests sought to be protected by the complainant must arguably be within the zone of interests regulated by the statute or constitutional guarantee in question *Id*.

In accordance with the Administrative Procedure Act (APA), any individual facing administrative action shall be provided with clear and timely notice of the proposed adverse action; the individual shall be provided with a written statement of the final decision, including the rationale behind the decision; and the agency shall strive to conclude the administrative proceedings <u>within a reasonable time</u>, <u>ensuring that delays do not harm the affected individual.</u> Excessive delays that constitute errors harming the employee are impermissible. This due process framework is established in adherence to the principles outlined in the APA, ensuring fair and transparent administrative procedures for individuals subject to adverse actions within ICE, and seek to guarantee an employee's due process rights.

However, notice and a response opportunity is also a right under the Supreme Court's interpretation of the Due Process Clause of the U.S. Constitution. Because the notice and response rights are "substance" owed to the person by the Government, they are "substantive rights," even though the substance in question is a specific activity. *Compare Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) *with* 5 U.S.C. § 7513.  When a right is

"substantive," the individual is entitled to have it, irrespective of how little influence that right may have exercised on the Government's decision to act. *Id.* An adverse action that violates a substantive right cannot stand. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999).

The plaintiff's interests are affected by the agency's inactions. Although the Agency is under no particular time constraint, there cannot be a delay so extensive that it constitutes an error that harms the employee. 5 U.S.C. § 7701(c)(2)(A); *Day v. Department of Housing and Urban Development,* 50 M.S.P.R. 680, 682 (1991); It's imperative to mention that the interpretation of due process by the U.S. Supreme Court emphasizes that due process is not a rigid, fixed concept unrelated to the specific circumstances, time, or place. However, it does affirm the employee's right to proper notice.

After being notified on June 13, 2023, of the disciplinary actions proposed by ICE, Cruz submitted his Reply on August 5, 2023, in accordance with the rules established in the Administrative Procedure Act (APA); and a Motion to Dismiss on September 18, 2023. However, the agency and Defendant Rebecca Gonzalez Ramos as the Deciding Official, have failed to comply with due process, violating Cruz' right to proper notification within a reasonable time frame regarding what will happen as to the two proposed disciplinary actions pending against him, and what is his future status as Resident Agent in Charge (RAC) at ICE, considering his upcoming retirement.

**2. Defendant has a clear duty to perform the act.**

It is essential for the plaintiff to demonstrate that the defendant, bears a duty towards the plaintiff. The presence of a clear right and a mandatory duty is intricately interconnected. Often,

these factors are collectively considered, without a distinct analytical separation. This perspective is underscored in the case of *Lovitky v. Trump,* 949 F.3d 753, 760 (D.C. Cir. 2020).

The legal arguments and facts presented and discussed previously, need to be considered jointly; particularly because the presence of a clear right and a mandatory duty are intricately interconnected. Cruz has a clear right to request and demand that ICE issue a decision regarding the proposed disciplinary actions; and ICE has a clear duty to respect Cruz' right to be properly notified, within a reasonable time, about his property right to continued employment at ICE and how his job status will be resolved.

3. **There is no other adequate remedy available to the plaintiff.**

The plaintiff must show that no other remedy is available. *Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011); *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-381 (2004). A remedy "is adequate if it is 'capable of affording full relief as to the very subject matter in question.'" *Wolcott*, 635 F.3d at 768. The plaintiff has to exhaust all the available administrative remedies. *Mejia-Gomez v. DHS/ICE*, No. 05-5000 (US Dist. Court (JBS), March 31, 2006). Administrative remedies must be fully exhausted before seeking judicial relief, whether through a writ of mandamus or other means, *Henriquez v. Ashcroft*, 269 F. Supp. 2d 106, 108 (E.D.N.Y. 2003)). ICE's indeterminate proposed disciplinary actions, and the agency's inaction and failure to provide a timely and reasonable notification are threatening Cruz's property right to his job and as such, are violative of his constitutional due process rights.

This lack of action from ICE is a direct violation of Cruz' rights to procedural fairness and is jeopardizing the security of his employment. Employment is a protected property interest, and ICE's proposed adverse actions against Cruz must adhere to constitutional due process

requirements. Cruz' property right to continued employment is at risk, and any interference with this right trigger a heightened scrutiny under the Due Process Clause of the Constitution.

The Fifth Amendment of the United States Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law. In the employment context, this protection extends to safeguarding an individual's property interest in continued employment. The proposed disciplinary actions by ICE and the agency's failure to communicate timely and reasonably about these actions implicate Cruz' due process rights. Such indeterminacy leaves Cruz in a state of uncertainty, infringing upon his right to a meaningful opportunity to be heard before facing adverse employment consequences.

ICE's infringement upon Cruz property right to continued employment demands a thorough examination of ICE's actions to ensure compliance with constitutional safeguards. It is imperative that this Honorable Court intervene and compel ICE to rectify these due process deficiencies, providing Cruz with the necessary procedural protections to safeguard his employment and constitutional rights.

Given the egregious delay by the agency, the only remaining remedy is a mandamus, as outlined in *In re Core Comms, Inc.,* 531 F.3d 849, 855 (D.C. Cir. 2008). APA mandates that agencies proceed to conclude matters within a reasonable time (5 U.S.C. § 555(b)) and empowers the reviewing court to compel agency action unlawfully withheld or unreasonably delayed (id. § 706(1)). Courts have recognized that this requirement aligns with the essence of a mandamus claim, wherein the plaintiff must possess a clear right for the agency to comply with its ministerial mandatory duty to act. *Indep. Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997); *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 825 (S.D. Tex. 2008)).

### B. The Issuance of a TRO and a Preliminary Injuction are Necessary and Proper

A TRO is an extraordinary remedy that should not be granted unless the movant proves the following elements: (1) the likelihood of success on the merits; (2) the potential for irreparable harm to the movant; (3) the balance of the movant's hardship if relief is denied versus the nonmovant's hardship if relief is granted; and (4) the effect of the decisions on the public interest. *See Ross Simons of Wardwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996); *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991). Likelihood of success is the touchstone of the preliminary injunction inquiry. *See Ross Simons*, 102 F.3d at 16; *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993).

As such, a "preliminary injunction is an 'extraordinary and drastic remedy;' it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (*quoting* 11A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2948, at 129 (2d ed. 1995). Rather, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, which he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Black Tea Soc'y v. City of Bos.*, 378 F.3d 8, 11 (1st Cir. 2004); *Esso Standard Oil Co. (P.R.) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006).

In determining whether to issue a TRO or preliminary injunction or *pendente lite*, courts examine the same four factors. *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, Local Lodge No. 1821 v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 277-78 (D. Me. 2015); *Aftermarket Auto Parts Alliance, Inc. v. Bumper2Bumper, Inc.*, No. 1:12-cv-00258-NT, 2012 WL 4753407, at *1, 2012 U.S. Dist. LEXIS 143685, at *3 (D. Me. Oct. 4, 2012). The key differences between a TRO and a preliminary injunction are that (1) a TRO may be issued without notice to the adverse

party; and (2) if a TRO is issued without notice, it may only last for 14 days and the Court must hold a preliminary injunction hearing. *Id.* at 278 (citing FED. R. CIV. P. 65(a)-(b)). At the same time, "[a] preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Id.* (quoting *Peoples Fed. Savings Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*) (A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion") (emphasis in original).

To succeed on his request for injunctive relief, Cruz must establish four factors: "(1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements*, 794 F.3d 168, 171 (1st Cir. 2015) (*citing Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011)). "[T]rial courts have wide discretion in making judgments regarding the appropriateness of" preliminary injunctive relief. *Verso Paper Corp.*, 80 F. Supp. 3d at 278 (*quoting Sanchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir.2009)); *McGuire v. Reilly,* 260 F.3d 36, 42 (1st Cir.2001).

1. **Likelihood of Success on the Merits**

The "four factors are not entitled to equal weight in the decisional calculus; rather, '[l]ikelihood of success is the main bearing wall of the four-factor framework.'" *Id.* (*quoting Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 9-10 (1st Cir. 2013)); *see also New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("The *sine qua non* of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity"). In order to muster his burden on this factor, Cruz "must establish a 'strong likelihood' that he will ultimately

prevail." *Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 10 (1st Cir.2012) (*quoting Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010)).

Title VII prohibits race, color discrimination and retaliation. ADEA outlaws age discrimination as well as retaliation. Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794) prohibis disability discrimination and retaliation. Section 504 is triggered by the ICE receipt of federal funds. In the case at bar, Cruz seeks injunctive relief to bar ICE from continued acts of discrimination and retaliation against him stemming from his prior engagement in those statutorily protected activities detailed previously, pending the resolution of his administrative charges filed with ICE'Office of Diversity and Civil Rights.

Injunctive relief is proper to enjoin further acts of retaliation such as part of an ongoing pattern of age, race and disability discrimination against Cruz; Cruz has been transferred on two different occasions. On September 27, 2022, Cruz was transferred for the first time to the HSI Ponce Office to cover the position of RAC; and following Cruz' Formal OCR Charges of employment discrimination against ICE, on March 13, 2023, Cruz was then transferred for the second time to the HSI San Juan Office and stripped of supervisory authority until further notice, without following the due process of law as established by the Administrative Procedure Act (APA).

It is well settled, the "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a *prima facie* uniformly hold that the temporal proximity must be 'very close'." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001). *See also Oliver v. Digital Equip. Corp.,* 846 F.2d 103, 110 (1st Cir. 1988); *Sanchez- Rodriguez v. AT&T Mobility P.R., Inc.*, 673 F.2d 1, 15, (1st Cir. 2012).

Cruz has established that he engaged in statutorily protected activity and shortly thereafter, he was retaliated against and subjected again to a hostile working environment he

previously grieved about. *Criado v. IBM Corp.,* 145 F.3d 437, 441 (1st Cir.1998); *Bercovitch v. Baldwin School, Inc.,* 133 F.3d 141, 154 (1st Cir. 1998); *Axelrod v. Phillips Academy, Andover*, 36 F. Supp. 2d 46 (D. Mass. 1999)

**2. Irreparable Harm**

Cruz claims risk of irreparable harm absent injunctive relief in light of the facts and applicable law previously addressed and discussed. Cruz' very harm is present, and will continue to be present, absent the issuance of a Temporary Restraining Order and Preliminary Injunction pending the trial on the merits of this case. Cruz has further established a reasonable likelihood of success on the merits. Moreover, given that Cruz would be gravely harmed by denying the injunction, Cruz' burden to show likelihood of success on the merits is less than it would be if the balance of harms were equal. *See William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 526 F.2d 86 (9th Cir.1975) ("It is not necessary ... that the moving party be reasonably certain to succeed on the merits. If the harm that may occur to the plaintiff is sufficiently serious, it is only necessary that there be a fair chance of success on the merits.") (Internal citation omitted); *EEOC v. Cosmair Inc. L'Oreal Hair Care Div.*, 821 F.2d 1085, 1090 (5th Cir. 1987) ("[W]hen a civil rights statute is violated, irreparable injury should be presumed from the very fact that the statute has been violated.")

The irreparable harm in this case is manifested by ICE's own conduct of committing acts of retaliation and discrimination against Cruz. Discrimination in the workplace based on age, race, and disability constitutes a severe infringement upon fundamental human rights and an employee's right to dignified work. Cruz should enjoy access to work that upholds his inherent dignity and ensures him fair and secure working conditions. Discriminatory practices and acts of

retaliation not only compromise his right but actively contribute to the creation of a hostile and unequal work environment, in stark contradiction to the principles of human rights.

The ongoing discriminatory and retaliatory events described above have caused Cruz emotional distress and anxiety, leading to a admission for partial hospitalization, as recommended by his clinical psychologist. If ICE's conduct are not enjoined, Cruz' emotional and economic damages will continue to increase thereby affecting his well-being, and his terms and conditions of employment to labor in a place free from discrimination and retaliation.

If this Honorable Court does not intervene and put a stop to ICE's discriminatory and retaliatory actions, Cruz' right to dignified work will continue to be detrimental; and will continue to place his mental, emotional, and possibly physical health at risk.

3. **Public Interest**

The public interest that is referred to under the fourth factor refers to "the public interest in the issuance of *the* injunction itself." *Braintree Labs., Inc. v. Citigroup Global Markets, Inc.,* 622 F.3d 36, 45 n.8 (1st Cir. 2010). This factor tips in Cruz' favor in this case because the public interest expects that the federal government follows its own laws and regulations. Indeed, the issuance of the preliminary injunction will serve the public interest by ensuring that federal employees are protected from further acts of retaliation.

4. **No other adequate remedy at law**

There is no other remedy at law other than injunctive relief, to enjoin unlawful acts of discrimination and retaliation direct to the plaintiff from his employer. Cruz does not seek monetary damages at this stage of the proceedings. The singular relief sought presently in this request for preliminary injunction is to enjoin ICE and its agents from further committing acts of retaliation and discrimination against Cruz and to have this Honorable Court enforce ICE to

reinstate Cruz in all his job functions as a supervisor that emerge from the job description of his Resident Agent in Charge (RAC) position, in HSI Mayagüez, Puerto Rico.

### 5. Exemption from Bond Requirement

Typically, Federal Rule of Civil Procedure 65 requires parties obtaining injunctive relief to post a bond sufficient "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Here, however, Cruz respectfully submits that that no bond is required as he is an officer of the United States and ICE is an agency of the United States and no posting of security is required. Fed. R. Civ. P. 65(c) See *generally Aoude v. Mobil Oil Corp.,* 862 F.2d 890, 896 (1st Cir. 1988) (rejecting a challenge to an injunction because "posting of a bond is not a jurisdictional prerequisite to the validity of a preliminary injunction, and because appellant did not raise the matter below").

Alternatively, if a bond is deemed to be required by this Honorable Court, Cruz respectfully requests that such bond be minimal as this case involves a federal career service employee's right to continue working in a retaliation free environment.

### V. CONCLUSION AND PRAYER FOR RELIEF

Therefore, according the Statement of Facts and its supporting Unsworn Declaration Under Penalty of Perjury of Ricardo Cruz Vazquez, the crystal clear compliance with all the Writ of Mandamus requirements as well as the preliminary injunction requirements fully briefed above; including the irreparable harm that Cruz suffered and continues to suffer, this Honorable Court should not be blindfolded against all principals of justice and the adequate remedy that should be issued, in order to prevent further inaction from the agency and its officials. Cruz respectfully request from this Honorable Court to further enjoin further retaliatory actions against him that would continue to cause damages to the moving party herein.

**WHEREFORE**, all premises being considered, Plaintiff Cruz prays that this Honorable Court to issue:

1. A Writ of Mandamus directing ICE and Special Agent in Charge Rebecca Gonzalez Ramos to comply with her ministerial duty to issue a ruling regarding the proposed disciplinary actions and not continue to prolong the administrative procedures in this case, where Cruz' property right to his job and his imminent retirement have been threatened in a constant state of anxiety and uncertainty; and

2. A Temporary Restraining Order directing ICE to cease and desist from further acts of discrimination and retaliation which have created a hostile working environment for Cruz. Plaintiff Cruz further requests the issuance of a TRO and a preliminary injunction directing ICE to stop commiting acts of discrimination and retaliation and to have Cruz assigned to his rightful position of Resident Agent in Charge and be assigned all the duties inherent to such position, including but not limited, his supervisory functions.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date, November 16, 2023, I electronically filed the foregoing certificate of service with the Clerk of this Honorable Court using the CM/ECF system, which will notify all counsel in this case of the filing of the present motion.

In San Juan, Puerto Rico, this 16th day of November 2023.

/f/ **JOSÉ G. FAGOT DÍAZ**
**ATTORNEY FOR PLAINTIFF**
**USDC No. 204112**
**DORNA-LLOMPART LAW OFFFICE**
166 Presidente Ramirez St., Apt. No. 2
Urb. Baldrich
Hato Rey, PR  00918
Tel: (787) 367-8702
email: jgf@fagot-law.com
josegabrielemilio@gmail.com