IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

EXHIBIT "A"

| | |
|---|---|
| **RICARDO CRUZ – VAZQUEZ, RESIDENT AGENT IN CHARGE** <br> Plaintiff, <br><br> vs. <br><br> **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); U.S. DEPARTMENT OF HOMELAND SECURITY; HON. ALEJANDRO N. MAYORKAS, SECRETARY OF HOMELAND SECURITY; REBECCA GONZALEZ RAMOS, HSI SAN JUAN SPECIAL AGENT IN CHARGE** <br> Defendants. | **CIVIL NO.** <br><br> RE:  **PETITION OF WRIT OF MANDAMUS; INJUCTION RELIEF TO A TEMPORARY RESTRICTION ORDER AND PRELIMINARY INJUNCTION** |

**RESIDENT AGENT IN CHARGE RICARDO CRUZ VAZQUEZ' UNSWORN STATEMENT UNDER PENALTY OF PERJURY AS ALLOWED BY 28 U.S.C. § 1746(2) IN SUPPORT OF THE COMPLAINT - PETITION FOR ISSUANCE OF WRIT OF MANDAMUS; A TEMPORARY RESTRAINING ORDER ("TRO") AND A PRELIMINARY INJUNCTION**

1. I, RICARDO CRUZ VAZQUEZ, of legal age, single, federal career service employee, and resident of Coamo, Puerto Rico, do hereby declare under penalty of perjury that the following Statement is, to the best of my knowledge and recollection, true and correct:

2. That my personal circumstances are as stated above.

3. That I was born on August 21, 1967, in Aguadilla, Puerto Rico. I'm currently 56 years old.

4. I'm currently employed as a career service employee at the Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations (HSI), U.S. Department of Homeland Security, Assistant Directorate Domestic Operations DAD Southeast & Isles.

5. Before working for ICE, I worked for the Bureau of Alcohol, Tabacco, Firearms and Explosives ("ATF"), as an Industry Operations Inspector, from August 1999 until June, 2001.

6. I'm currently classified as a Resident Agent in Charge ("RAC"), Supervisory Criminal Investigator, GS-1811-14/07 within Homeland Security Investigations. I began working for Legacy US Customs Service (now Homeland Security Investigations) on June 15, 2001, as a Special Agent in Ponce, Puerto Rico.

7. During my employment tenure with ICE, I have occupied the position of Criminal Investigator (Special Agent) (July 2001 – October 2016). I have de facto held the position of Supervisory Criminal Investigator since October 31, 2016. On June 25, 2017, I was officially appointed Supervisory Criminal Investigator. On June 23, 2019, I was reassigned as a Resident Agent in Charge of the Mayaguez office. I continue to hold the position of Resident Agent in Charge.

8. After my appointment as a Special Agent, due to my excellent job performance as an ICE employee, I have been consistently promoted and been the recipient of numerous salaries increases and bonuses. During my years as a Special Agent and as a Supervisory Criminal Investigator, I have never been disciplined or admonished due to my job performance.

9. On June 13, 2023, I was notified with the following two (2) proposed disciplinary actions that were issued by ICE's AAP: (1) A demotion from his current federal career service job position of Resident in Charge to an unspecified position within ICE, (2) A suspension from my position of Supervisory Criminal Investigator, GS-1811-1407 for a period of sixty (60) days.

10. On August 5, 2023, I submitted my Reply to ICE's APP two (2) proposed disciplinary measures.  Since Special Agent in Charge, Rebecca Gonzalez Ramos, as the Deciding Official, has not issued a decision on these proposed disciplinary actions, and as of today, more than 102 days have elapsed, and no decision has been issued.

11. On September 18, 2023, I submitted an Urgent Motion to Dismiss Due to ICE Adverse Action Panel's Lack of Jurisdiction in Proposing Disciplinary Actions Beyond The Scope of Its Authority; and has not received ICE's ruling on such dispositive motion

12. Further to ICE's own Table of Offenses and Penalties related to the proposed disciplinary actions, the maximum penalty would be a 24-day suspension, and not a demotion or a 60-day suspension is authorized.  Section C(1) and C (2) of ICE's Table of Offenses and Penalties only allow for a written reprimand, a 14-day suspension, or a 5-day suspension as a first offense. A demotion or a 60-day suspension would not be in accordance with the standard regulations for disciplinary actions as specified in the Administrative Procedure Act (APA) and ICE's.

13. On March 13, 2023, Acting Deputy Special Agent in Charge (A/DSAC) Raul Cruz and Assistant Special Agent in Charge (ASAC) Francisco Calderon informed me that I was not selected for the Resident Agent in Charge position in HSI Ponce even when I was the most qualified candidate for such position, because of an unfinished purported personnel investigation. On the same date, the same managers told me that I will be assisting Program Manager Elizabeth De Jesus in the HSI San Juan Office, transferring me for the second time, and stripped me of my supervisor authority until further notice. This action constitutes a discriminatory and retaliatory act against me.

14. From March 14, 2023, until March 28, 2023, I did not receive any task or duties from any person from HSI San Juan where I was transferred for the second time in a short period. Within this period, on March 20, 2023, and after I internally complained about not been selected to the RAC position in Ponce, I was excluded completely from the HSI organization work chart. In such chart, Carlos J. Martinez appears as the incumbent in the RAC position in Ponce. Mr. Martinez is younger and has less seniority than me. At the same time, my coworkers knew of my temporary disability resulting from my eye surgery. It is well known that my health conditions should have been kept confidential and private by my employer.

15. On March 28, 2023, I was assigned the first and only task since I returned to work at the newly assigned position at the main office in Miramar, while not performing any tasks before then. This personnel action of not assigning me work is part and parcel of the discriminatory and retaliatory pattern of the agency against me. These actions have had the effect of degrading me as a supervisor. My employer is discriminating against me based on age, race, and disability and retaliating against me because of my work-related complaints.

16. I have been transferred on two different occasions. On September 27, 2022, I was transferred for the first time to the HSI Ponce Office to cover the position of RAC; and following my Formal OCR Charges of employment discrimination against ICE, on March 13, 2023, I was transferred for the second time to the HSI San Juan Office and stripped of supervisory authority until further notice, without following the due process of law as established by the Administrative Procedure Act (APA).

17. On April 18, 2023, I filed a Formal Employment Discrimination Charge with the Office of Diversity and Civil Rights (OCR). After the filing of my EEO Formal Complaint charge previously stated, I have been further retaliated by my employer, after filling an original Complaint Charge on February 2023.

18. The RAC position in HSI Ponce to which I had previously applied to, was officially awarded to Special Agent Carlos J. Martinez, an employee who is younger and has less seniority than me. The personnel grievances related to the agency's failure to appoint me to such position have not been heard or resolved. Mr. Martinez's appointment to the RAC position for HSI Ponce further constitutes age and disability discrimination against me, while I was on an approved medical sick leave for eye surgery.

19. On May 17, 2023, ASAC Francisco J. Calderon contacted me via telephone and instructed me to contact Intel Group Supervisor Mariano Salgado to work in his group. During the conversation, I stated to Calderon that the new position that I was assigned did not entail the performance of my duties as a supervisor; I have never been given a job description of such position. Having no supervisory functions in this new position is equivalent to a demotion.

20. On May 23, 2023, I clarified via email to Calderon that because I cannot temporarily drive at night due to my recent eye surgery, did not mean or establish that I cannot comply with my supervisory duties, and that I had not requested any reasonable accommodation. If I had accepted these new duties, this would have been inappropriate, as it constitutes an unlawful demotion.

21. As part of an ongoing pattern of age, race and disability discrimination against me and following my formal filing of an employment discrimination charge against my employer,

on or about June 30, 2023, my employer announced several promotions within Homeland Security Investigations (HSI). After this HSI announcement, Special Agent Carlos J. Martinez was promoted to the position of Group Supervisor for HSI in San Juan, Puerto Rico. Notably, Carlos J. Martinez's promotion to Group Supervisor was communicated to me after the U.S. Immigration and Customs Enforcement (ICE) had informed me, on June 13, 2023, of two proposed disciplinary actions.

22. I have filed five (5) amended complaints with ICE's Office of Diversity and Civil Rights on April 18, 2023; May 4, 2023; May 24, 2023; June 16, 2023; and July 3, 2023, alleging discriminatory and retaliatory practices by my employer. The Formal Employment Discrimination Charge and its amendments have had not result in stemming, or did they provide any relief or cessation of ICE's employment discrimination and retaliation acts against me.

I, Ricardo Cruz Vazquez, under penalty of perjury, do hereby certify that the foregoing information is true and correct.

This the 15th day of November 2023.

_____
Signature