IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICARDO CRUZ-VAZQUEZ,<br><br>**Plaintiff,**<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); U.S. DEPARTMENT OF HOMELAND SECURITY; HON. ALEJANDRO N. MAYORKAS, SECRETARY OF HOMELAND SECURITY; REBECCA GONZALEZ RAMOS, HSI SAN JUAN SPECIAL AGENT IN CHARGE,<br><br>**Defendants.** | **CIVIL NO. 23-1578 (RAM)** |

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on Plaintiff Ricardo Cruz-Vazquez's pending *Amended Complaint – Petition for Issuance of Writ of Mandamus; A Temporary Restraining Order ("TRO") and a Preliminary Injunction* ("*Petition*") and a subsequently-filed motion for a hearing ("*Hearing Motion*"). (Docket Nos. 15 and 18, respectively). Also before the Court are: (a) two motions to dismiss filed by the Defendants, U.S. Immigration and Customs Enforcement ("ICE") the U.S. Department of Homeland Security, Homeland Security Secretary Alejandro Mayorkas; and Homeland Security Investigations, and San Juan Special Agent in Charge Rebecca Gonzalez-Ramos; (b) the *Report and Recommendation* ("*R&R*") issued by United States Magistrate Judge Héctor L. Ramos-Vega; and

Civil No. 23-1578(RAM)                                                        2

(c) Plaintiff's *Objections* thereto. (Docket Nos. 10, 23, 34, and 36 respectively).

Having reviewed the record, the Court **ADOPTS** the *Report and Recommendation* at Docket No. 34 in its entirety and **INCORPORATES** it by reference to the present Memorandum and Order. Where, as here, the *R&R* is very thorough, the Court "finds it unnecessary to 'write at length' to repeat what is 'a first-rate work product.'" Sanchez-Medina v. Unicco Serv. Co., 2010 WL 3955780, at *4 (D.P.R. 2010) (citing Lawton v. State Mut. Life Assu. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir.1993)).

Nevertheless, the Court addresses three of the Plaintiff's *Objections* that are not resolved by the *R&R* below, noting first that parties that advance new theories for the first time in objections to an *R&R* waive those arguments. United States v. Mendoza-Maisonet, 962 F.3d 1, 16-17 (1st Cir. 2020) (citing United States v. Rosado-Cancel, 917 F.3d 66, 69 (1st Cir. 2019)).

First, the Plaintiff objects to the Magistrate Judge's determination that Mr. Cruz had "been afforded a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions," as well as that the Magistrate Judge evaluated the merits of Plaintiff's underlying claims, arguing that these findings constitute impermissible advisory

opinions. (Docket No. 36 at 4-5) (internal quotation marks and citations omitted). However, the *R&R* does not contain an advisory opinion because the Magistrate Judge was evaluating issues that were properly before him: whether Plaintiff's requests for an evidentiary hearing or a preliminary injunction should be granted. (Docket No. 34 at 15-16). Whether a litigant is given fair opportunity to present facts and arguments to the court is a key component in determining the need for an evidentiary hearing. *See* Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995) (citations omitted). Similarly, the critical factor in evaluating whether a request for preliminary injunction should be granted is the likelihood of success on the merits. *See* New Comm. Wireless Servs. Inc. v. SprintCom, Inc., 287 F.3d 1, 8-9 (1st Cir. 2002). Thus, it was not improper for the Magistrate Judge to consider and issue a recommendation pertaining to either of these topics.

Second, Plaintiff claims that the *R&R* incorrectly states when Mr. Cruz's original complaint was filed with ICE's Office of Diversity and Civil Rights and asserts that it was in February 2023, and not April 18, 2023 as stated in the *R&R*. (Docket No. 36 at 5). The Court notes this appears to be an issue of semantics. One of the documents submitted by Plaintiff is titled "Information for **Pre-Complaint** Counseling" and further states that "[t]he purpose of this form is to facilitate the timely collection of

Civil No. 23-1578(RAM)                                                    4

information for a **potential** Equal Employment Opportunity (EEO) matter." (Docket No. 36-1 at 1) (emphasis added). The *Amended Complaint* also states that Plaintiff's first Formal Complaint was filed with the Equal Employment Opportunity Commission on April 18, 2023. (Docket No. 15 ¶ 26). The Magistrate Judge therefore reasonably concluded that a complaint was not filed until April 18, 2023. The Court also notes that whether a complaint was filed in February or April 2023 is a relatively minor factual discrepancy that does not affect either the Magistrate Judge's recommendation or this Court's decision upon *de novo* review. Of far more weight and consequence is the Magistrate Judge's finding that Defendants asserted reasonable explanations for why Plaintiff was transferred to a different role.

<u>Lastly</u>, as part of his *Objections*, Plaintiff requests oral argument. (Docket No. 36). This request follows and is made in connection with several motions for an evidentiary hearing, which have been denied. (Docket Nos. 18, 29, and 34). Plaintiff does not articulate why oral argument is necessary at this juncture, and there is a bevy of documentary evidence that has already been filed on the record. In support of an evidentiary hearing, Mr. Cruz proffers that he would offer oral testimony as to how ICE's personnel actions have purportedly caused him harm, his transfers, and changes in ICE's organizational charts and his role as Resident

Civil No. 23-1578(RAM)                                                  5

Agent in Charge. (Docket No. 36 at 19). However, the Court notes that the proffered testimony duplicates materials already submitted by the Plaintiff, including but not limited to his extensive affidavit. Because Plaintiff does not raise legal issues that would benefit from further oral argument, the request for argument is **DENIED**. Drouin v. Colvin, 2015 WL 7194881, at *1 (D. Me. 2015); *see also* Broussard v. Caci, Inc.-Federal, 104 F.R.D. 613, 614-15 (D. Me. 1985) (declining oral argument and deciding matter on the papers after parties had made numerous submissions and Magistrate Judge had conducted a searching review).

After a *de novo* review, the Court finds that Magistrate Judge Ramos's extensive analysis and conclusions are well supported. Therefore, the *Report and Recommendation* is **ADOPTED** *in toto*. In accordance with the Magistrate Judge's recommendation, the Plaintiff's request for a mandamus and injunctive relief at Docket No. 15 is **DENIED** and the *Amended Complaint* at Docket No. 15 is **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of March 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE